The President and Directors of the BRIDGEPORT BANK against SHERWOOD, Gentleman, one of the attorneys, &c.

THE defendant moved to set aside the execution issued in this cause, and the default entered, and all subsequent proceedings, for irregularity. It appeared, from the affidavit of the plaintiff's attorney, that a copy of the bill, with the usual notice of the rule to plead, was personally served on the defendant. That at the expiration of the time to plead, the plaintiff's attorney entered the default of the defendant, for want of a plea; and affixed up in the clerk's office, in the city of *New-York*, a notice of the entry of the default, and also notice of the assessment of damages, directed to the defendant in person. That interlocutory judgment was entered, and the damages assessed, pursuant to the notice, and a final judgment entered accordingly, on which the execution was issued.

The defendant's affidavit stated, that since the service of the copy of the bill and notice of the rule to plead, he had received no notice of any further proceedings in the cause.

*Towt*, for the plaintiffs.

*Per Curiam.* In suits against attorneys, not only the bill or declaration, and notice of rule to plead, but notices of all the subsequent proceedings in the cause, must be served personally on the defendant, or his agent. Affixing up a no-

---

*Margin note:*

ALBANY, January, 1819.

BRIDGEPORT BANK v. SHERWOOD.

In suits against attorneys, not only the bill or declaration and notice to plead, but notices of all subsequent proceedings in the cause, must be served personally on the defendant, or his agent.

notice in the clerk's office, as in suits against common persons, is not sufficient. (*Backus* v. *Rogers*, 3 *Johns. Rep.* 346.) The assessment of damages, and all subsequent proceedings, must be set aside, with costs, on the defendant stipulating not to bring an action of trespass against the plaintiff.

Rule accordingly.